## Christopher et al. v. United Oil Company et al.

(Decided February 26, 1929.)

FIELDS, BYERS & MOORE for appellants.

HUGH RIDDELL and ROBERT R. FRIEND for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellants brought this action as the heirs of W. P. Noland to quiet their title to a tract of land in Estill county. The circuit court dismissed their petition, and they appeal.

Appellants showed that the land was conveyed by Jesse Robertson, the patentee, to W. P. Noland on September 11, 1837, and they claim under Noland.

Appellees showed these facts: W. P. Noland sold the land to Tucker Abney and Leroy Puckett in October, 1838, and executed to them a title bond therefor. On October 27, 1847, Noland filed a bill against them assert-

ing a lien on the land for unpaid purchase money, and praying enforcement of the lien. In June, 1848, they filed an answer pleading loss of title to a part of the land. At the April term, 1850, judgment was entered for the plaintiff. The defendants appealed with supersedeas. On December 4, 1850, the judgment of the circuit court was reversed by this court, on the ground that the amount recovered was too large and that on the proof there should be a survey of the land. At the April term, 1851, after the mandate was filed, a survey was ordered. The survey was made November 21, 1851. On December 5, 1851, Noland tendered to Abney and Puckett a deed pursuant to the survey. This they declined to accept. In March, 1852, depositions were taken. During the taking of these depositions, the defendants proposed to pay the amount due on the purchase money and accept the deed, but declined to pay the cost. But soon after this, in March, 1852, Abney and Puckett made a division of the land between them and made deeds accordingly, one to the other, reciting in these deeds that it was the land conveyed to them by W. P. Noland. These deeds were recorded April 1, 1852. At the April term, 1852, the equity action was submitted and the court took time. At the July term, 1852, a judgment was entered against the defendants for $113.05, with costs, and a sale of the land was ordered; but no sale was ever made, and the action went off the docket without any further steps. After this controversy arose, the deed of December 5, 1851, from Noland to Abney and Puckett, was found duly certified in the box of unrecorded deeds in the county clerk's office, and being regularly certified to the county clerk for record was then recorded. Appellees claim under Abney and Puckett.

It is earnestly insisted for appellants that there is no proof showing that this deed was delivered. But the delivery of a deed and its acceptance by the grantees may be presumed after many years. Especially is this true where the parties are all dead and the grantees' possession of the property has been undisputed for many years. Noland lived 25 years after this in Estill county, but asserted no lien on the land. The deeds of division are plainly based on the deed of December 5, 1851, for the calls are taken from it, and as these deeds recite that the land is that conveyed to them by Noland, the recital

is evidence that the grantees had accepted Noland's deed. Sullivan v. Sullivan, 179 Ky. 686, 201 S. W. 24; Hacker v. Deaton, 200 Ky. 383, 254 S. W. 1055.

Not only so, it is undisputed that Noland executed the title bond to Abney and Puckett and brought the suit to enforce his lien on the land for the purchase money. The judgment he recovered for the purchase money is the only claim that he has on the land. He retained only the legal title to secure the payment of unpaid purchase money. His only right of action was for the recovery of the purchase money. When he obtained judgment for this, his only right was to enforce the judgment, and this right, after 25 years, is stale and barred by time, when no steps were taken in the meantime to enforce the judgment. Collins v. Richart, 14 Bush (77 Ky.) 621; Asher v. Tennis Coal Co. (Ky.) 118 S. W. 955.

Judgment affirmed.